IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEOPOLD MPAWINAYO #260365, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00915 |
| KIMBERLIN ROTHWELL, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Leopold MPawinayo, a pretrial detainee at the Davidson County Sheriff's Office, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and paid the full filing fee. (Doc. No. 5). This action is before the court for initial review under the Prison Litigation Reform Act. As explained below, this action will be **DISMISSED**.

### I. INITIAL REVIEW

Because Plaintiff is suing a governmental entity and governmental officers, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff alleges that he is currently facing three sets of state criminal proceedings, the first of which was initiated in September 2019. He brings this action against the City of Nashville, Metropolitan Nashville Police Department (MNPD) Detective Kimberlin Rothwell, MNPD

Officer Abigail Malone, District Attorney (DA) Glenn Funk, Assistant District Attorney (ADA) Lody Powers, and ADA Lauren Hogan. (Doc. No. 1 at 1–2, 7–8). Plaintiff alleges as follows:

1. Events Leading to Plaintiff's Arrest

On September 9, 2019, Plaintiff was in a car at a gas station in Nashville. (*Id.* at 9). A crying woman knocked on his car window and asked Plaintiff for help because she was hungry and had not eaten that day. (*Id.*). Plaintiff gave her some money and she went inside the gas station to get soda and chips. (*Id.*). When she returned, she asked Plaintiff for a ride to her children's house. (*Id.* at 10). Plaintiff agreed. (*Id.*). About one block away from the gas station, they came across a man that the woman claimed was her brother. (*Id.*). The woman asked Plaintiff to give this man a ride as well, and Plaintiff agreed. (*Id.*). The man and woman were in the back seat, and about one minute later, the man saw a friend leaving the store and got out of the car. (*Id.*). The woman remained in the car, and when they arrived at the house, the woman refused to get out, crying and demanding help because she did not have food for her grandchildren. (*Id.*). The woman asked Plaintiff to sit with her in the backseat and offered to have sex with Plaintiff for $30. (*Id.*). Plaintiff offered her $20 and handed her the money. (*Id.*). The woman acted like she was looking for condoms in her purse, but she grabbed pepper spray. (*Id.*). Plaintiff got out of the car. (*Id.*). The woman moved to the driver's seat and drove away. (*Id.*).

Plaintiff walked to get help, and about 30 minutes later, he reported the car stolen from a gas station. (*Id.*). MNPD Officer Abigail Malone responded to the gas station. (*Id.* at 11). Malone asked Plaintiff what happened, and he told her. (*Id.*). Malone then arrested Plaintiff, handcuffed him, and placed him in the back of the police car. (*Id.*). Malone told Plaintiff that the woman who took Plaintiff's car "called first." (*Id.*). Around 1:30 a.m., MNPD Detective Kimberlin Rothwell arrived at the scene. (*Id.*). Rothwell asked Plaintiff if he had picked up a prostitute before, and if

he would provide a DNA sample. (*Id.*). Plaintiff denied previously picking up a prostitute but agreed to provide a DNA sample. (*Id.*).

2. First Criminal Case

In Davidson County Case No. 2020-A-212 ("First Case"), Plaintiff received charges of aggravated kidnapping and assault, with bond set at $100,000. (*Id.* at 9, 11). The Court takes judicial notice that this case charges Plaintiff with aggravated kidnapping, aggravated assault, and false report. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2212023%5E5326167%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (last visited Feb. 10, 2022).[1] On September 26, 2019, Plaintiff had a preliminary hearing and was appointed an attorney. (*Id.* at 11). Plaintiff's attorney told the court that the criminal record of the woman who took Plaintiff's car included car theft, filing a false report, and prostitution. (*Id.*). The attorney requested dismissal of Plaintiff's charges for lack of probable cause. (*Id.*). The prosecutor at the hearing was ADA Lody Powers, who previously prosecuted Plaintiff in three cases that resulted in dismissal or acquittal. (*Id.* at 7, 12). ADA Powers argued that the case should be bound over because Plaintiff had a "DUI probation violation." (*Id.* at 12). The case was bound over. (*Id.*).

In December 2019, at a hearing for Plaintiff's DUI probation violation, ADA Powers filed a motion to revoke Plaintiff's probation, and the trial court denied it. (*Id.*). The court also stated that there was no probable cause for the aggravated kidnapping and assault charges. (*Id.*). The court remarked that they were the "wrong charges," and the case "sounded like [it involved] prostitution issues[,] not kidnapping." (*Id.*).

---

[1] This information is taken from the Davidson County Criminal Court Case Information database. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

3

In January 2020, Plaintiff retained an attorney to pursue a bond reduction. (*Id.*). The court held a bond reduction hearing on February 5, 2020, and Plaintiff attached a copy of the hearing transcript to the Complaint. (*Id.* at 12; Doc. No. 1-1). ADA Powers called Detective Rothwell to testify. (Doc. No. 1-1 at 5). Rothwell testified—falsely, according to Plaintiff (Doc. No. 1 at 13)—that Plaintiff was under investigation for sexual assault, and that Plaintiff's DNA implicated him in three other incidents. (*See* Doc. No. 1-1 at 8–10, 11–13). Rothwell did not provide any reports to support this testimony. (Doc. No. 1 at 13; Doc. No. 1-1 at 14). The court denied Plaintiff's request to reduce bond but stated that it could revisit the ruling if the investigations of Plaintiff "start[ed] falling apart." (Doc. No. 1-1 at 19–20).

     3. <u>Second Criminal Case</u>

On February 10, 2020, Plaintiff received a rape charge with bond set at $500,000. (Doc. No. 1 at 13). The Court takes judicial notice that Davidson County Case No. 2020-A-270 ("Second Case")—the only other 2020 case against Plaintiff in Davidson County's database—charges Plaintiff with one count of especially aggravated kidnapping, four counts of aggravated rape, and one count of aggravated assault. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/ 2212878%5E5328566%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (last visited Feb. 10, 2022). On December 15, 2020, the court held a bond reduction hearing in the Second Case. (Doc. No. 1 at 13). Plaintiff requested that the alleged rape victim attend the hearing, and his attorney told him that Detective Rothwell and ADA Lauren Hogan had "big trouble" locating the victim. (*Id.* at 7–8, 13). ADA Hogan called Detective Rothwell to testify. (*Id.* at 13). Rothwell testified that Plaintiff was under investigation for "more rape cases and carjacking." (*Id.* at 14). The court reduced Plaintiff's bond to $150,000. (*Id.*). That brought Plaintiff's combined bond in the First and Second Cases to $250,000. (*Id.*). Plaintiff alleges, however, that "the system"

4

still reflected a combined bond of $600,000. (*Id.*). Plaintiff asked his attorney to appeal, and the attorney refused. (*Id.*). Plaintiff filed a pro se appeal and did not get a response. (*Id.*).

    4. Combined Proceedings

In March 2021, the First Case was set for trial in December 2021, and the Second Case was set for a status hearing in November 2021. (*Id.*). In October 2021, the court held a hearing to address another request for a bond reduction and a motion for joinder of offenses. (*Id.*). Plaintiff again requested that the alleged rape victim attend the hearing. (*Id.*). The day of the hearing, eleven people were present to testify on Plaintiff's behalf, while the prosecution did not have any witnesses present. (*Id.*). When the prosecution saw Plaintiff's supporters, Plaintiff's attorney "play[ed] like he was busy [in the] other courtroom." (*Id.*). The hearing was continued. (*Id.*).

Later, when the hearing occurred, ADA Hogan again called Detective Rothwell to testify. (*Id.* at 15). Rothwell testified that Plaintiff's DNA implicated him in another rape investigation from 2015. (*Id.*). Plaintiff asked why charges had not been filed yet, and Rothwell said she was "working on it." (*Id.*). Plaintiff asked about the location of the first alleged rape victim, and Rothwell said that she did not know and had not spoken to the victim since November 2019. (*Id.*). The court granted the motion for joinder of offenses. (*Id.*).

    5. Third Criminal Cases

On November 18, 2021, Plaintiff received new rape charges with bond set at $400,000. (*Id.*). The Court takes judicial notice that Davidson County Case Nos. 2021-D-1901 and 2021-D-1902 ("Third Cases")—2021 cases with a combined bond matching the bond alleged in the Complaint—charge Plaintiff with rape of a child and two counts of aggravated rape, respectively. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2275537%5E5517702%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (Case No. 2021-D-1901) (last visited

5

Feb. 10, 2022); https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2275536%5E5517700%5ECJIS/LEOPOLD%5EMPAWINAYO%5E04051971%5E260365/ (Case No. 2021-D-1902) (last visited Feb. 10, 2022). That brought Plaintiff's combined bond across all cases to $650,000. (Doc. No. 1 at 15).

### 6. Combined Proceedings

On November 23, 2021, Plaintiff met with his attorney via video, and his attorney said that ADA Hogan sent an email stating that "they [are] going to dismiss the rape charge and will go to trial on . . . [the] kidnapping case"—the First Case—in December 2021. (*Id.*). Plaintiff's attorney said he would visit Plaintiff in person on November 27, and the attorney did not show. (*Id.*). On December 1, Petitioner received a call at 5:00 a.m. informing him of a court hearing later that day that Plaintiff did not know about. (*Id.*).

At the hearing on December 1, 2021, Plaintiff learned that his attorney was filing a motion to withdraw as counsel. (*Id.* at 16). Various deadlines in Plaintiff's First and Second Cases were continued or rescheduled, and there would no longer be a combined trial on the offenses in Plaintiff's First and Second Cases. (*Id.*). The First Case is set for trial in October 2022. (*Id.*). Plaintiff alleges that, at the time he filed this action on December 6, 2021, he did not have an attorney to represent him in one or more cases. (*Id.* at 16, 19).

## B. Legal Standard

To determine if the Complaint states a claim, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth

6

Case 3:21-cv-00915 Document 6 Filed 02/14/22 Page 6 of 15 PageID #: 56

does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. § 1443(1), 42 U.S.C. § 2000a, and 42 U.S.C. § 1983. (Doc. No. 1 at 2). The Court will address each basis for jurisdiction in turn.

1. <u>Section 1443(1)</u>

"In rare circumstances, 28 U.S.C. §§ 1443 and 1455 enable a criminal defendant to remove a state-court criminal case to federal court." *Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). As a procedural matter, the party seeking removal of a state-court criminal case must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). That party also must file a notice of removal within "30 days after the arraignment in State court, or at any time before trial, whichever is earlier," unless the district court finds good cause for later filing. *Id.* § 1455(b)(1).

As a substantive matter, a state-court criminal case is eligible for removal under Section 1443(1) if the case is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." To qualify for removal under this provision, a case must satisfy two requirements. First, "the right denied must arise under a federal law that 'provides for specific civil rights stated in terms of *racial equality*.'" *Tenn. Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (quoting *Conrad v. Robinson*, 871 F.2d 612,

7

614–15 (6th Cir. 1989)) (emphasis in *Winesburgh*). And second, the party seeking removal must show that he is "unable to or [is] denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Id.* at 280–81 (quoting *Conrad*, 871 F.2d at 614–15).

Here, Plaintiff does not satisfy the procedural or substantive requirements for removing his state-court criminal cases to federal court. He did not file a copy of "all process, pleadings, and orders served upon" him in his criminal cases, and at least as to his First and Second Cases, it appears that he was arraigned more than 30 days before he filed this action. Plaintiff also does not allege that he was denied racial equality or assert an inability to enforce specific federal rights in state court. Plaintiff thus has not demonstrated that the Court has jurisdiction under Section 1443(1). To the extent that Plaintiff sought to use this action to remove his state-court criminal cases to this Court, that effort is without merit and does not impact his pending state-court proceedings. *See* 28 U.S.C. § 1455(b)(2) ("The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.").

2. Section 2000a

This Section, part of Title II of the Civil Rights Act of 1964, "prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation." *Moses v. Am. Apparel Retail, Inc.*, No. 13-2753, 2014 WL 1093784, at *10 (W.D. Tenn. Mar. 19, 2014) (discussing 42 U.S.C. § 2000a). Plaintiff does not allege discrimination, and he does not allege wrongdoing within a public place covered by this statute. *See id.* at *3 (discussing 42 U.S.C. § 2000a(b)) (explaining that covered establishments include "a lodging place, restaurant, place of

entertainment, or other establishment located in a covered establishment"). Plaintiff therefore fails to state a claim under Section 2000a.

3. Section 1983

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Liberally construing the Complaint, Plaintiff asserts the following Section 1983 claims: excessive bail; denial of a trial that is fair, speedy, and public; ineffective assistance of counsel; fabrication of evidence; malicious prosecution; false imprisonment;[2] and cruel and unusual punishment. (Doc. No. 1 at 5, 16–18). As explained below, these claims are not viable grounds for relief under Section 1983.

A. Habeas Claims

Several claims asserted by Plaintiff are not properly brought under Section 1983, although they could be pursued through a petition for a writ of habeas corpus, either before or (if necessary) after a state court judgment is entered against Plaintiff.

In rare circumstances, state pretrial detainees may pursue habeas corpus relief in federal court under 28 U.S.C. § 2241. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Two of Plaintiff's claims are cognizable under Section 2241: his excessive-bail claim, and his speedy-trial claim. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal

---

[2] Plaintiff asserts that he was illegally arrested and imprisoned. (*See* Doc. No. 1 at 16–17). Although the torts of false arrest and false imprisonment are distinct, the Court may consider them "together as false imprisonment" where, as here, a party alleges that the arrest leading to the imprisonment was "without legal process." *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007).

9

of an adverse interlocutory order or by a petition for habeas corpus."); *id.* at 546 ("On occasion federal courts have, prior to trial, issued writs of habeas corpus ordering a prompt trial.").

The more common basis for a federal habeas petition brought by the subject of a state-court prosecution is 28 U.S.C. § 2254. Section 2254 applies to a habeas petition brought by "a person in custody pursuant to the judgment of a State court." *Id.* § 2254(a). Therefore, Section 2254 only comes into play after a person is actually convicted in state court. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in original) ("[A]ll petitions seeking relief from state court *convictions* are more specifically filed 'under section 2254.'") Three of Plaintiff's claims would be cognizable under Section 2254, in the event that he is convicted in state court: his fair-trial claim, his public-trial claim, and his claim of ineffective assistance of counsel. *See Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979) (rejecting due process claim in state pretrial detainees' habeas petition because "post-conviction habeas corpus remedies are available in the federal courts" "[a]fter exhaustion of remedies in the state courts"); *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing public-trial claim and related ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings"); *Kelly v. Beggs*, No. 15-CV-10721, 2017 WL 5759974, at *2 (E.D. Mich. Apr. 13, 2017) (citing *Taylor v. Oakland Cnty. Cir. Ct.*, 831 F.2d 297 (6th Cir. 1987)) ("[T]he appropriate avenue for an ineffective assistance of counsel challenge is via habeas proceedings.").

Before bringing claims under either Section 2241, as a pretrial detainee, or Section 2254, as a convicted state prisoner, Plaintiff would generally have to "exhaust all available state court remedies." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)) (Section 2241); 28 U.S.C. § 2254(b)(1) (Section 2254); *see also Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state

10

Case 3:21-cv-00915   Document 6   Filed 02/14/22   Page 10 of 15 PageID #: 60

remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). In Tennessee, a party can exhaust by presenting the substance of a claim to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

Any argument that Petitioner may wish to raise regarding the exhaustion of his habeas claims would be properly considered in a habeas corpus action, and the Court expresses no opinion on the procedural or substantive viability of any claim Plaintiff may bring through a habeas corpus petition in the future.[3] Regardless of any future proceedings, however, Plaintiff cannot use Section 1983 to assert what are fundamentally habeas claims, so he fails to state a claim on this basis.

### B. Premature Section 1983 Claims

Plaintiff also asserts claims for fabrication of evidence (Doc. No. 1 at 2) and malicious prosecution. (*See id.* at 17 (alleging that Defendants continue to detain him despite knowing of "the existence of evidence proving plaintiff's innocence")). These two claims cannot be brought under Section 1983 unless and until the related state criminal proceedings have been terminated in Plaintiff's favor, "or a resulting conviction has been invalidated within the meaning of *Heck*."[4] *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019) (quoting *Wallace*, 549 U.S. at 388) ("There is

---

[3] The Court notes that Plaintiff has, in fact, filed a Section 2241 habeas petition raising excessive-bail and speedy-trial claims, and in May 2021, the Court dismissed it without prejudice for failure to exhaust state-court remedies. *See MPawinayo v. Hall*, No. 3:20-CV-01097, 2021 WL 1984944 (M.D. Tenn. May 18, 2021). In doing so, the Court explained that Plaintiff's assertion of ineffective assistance of counsel was not subject to review under Section 2241 because it fell "within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that 'may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'" *Id.* at *2 n.1 (quoting *Atkins*, 644 F.3d at 546).

[4] Under *Heck v. Humphrey*, "a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).

11

not 'a complete and present cause of action' to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing."); *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) ("[A] malicious-prosecution claim is not available before the favorable termination of criminal proceedings."). This "favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments," and it prevents "collateral attacks on criminal judgments through civil litigation." *McDonough*, 139 S. Ct. at 2156–57 (citations omitted).

Plaintiff's First, Second, and Third Cases are all still pending in the Davidson County Criminal Court. Accordingly, Plaintiff's fabrication-of-evidence and malicious-prosecution claims are premature, and Plaintiff fails to state a claim on this basis. As the Supreme Court has explained, "[t]he proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." *Id.* at 2159.

C. <u>Remaining Section 1983 Claims</u>

Plaintiff's remaining claims are for false imprisonment and cruel and unusual punishment. As explained below, the claim arising from his initial imprisonment is untimely, and the remaining claims are meritless.

A claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Section 1983 claims use "the state statute of limitations applicable to personal injury actions under the law of the state in which the §

1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Tennessee's statute of limitations for such claims is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)).

The limitations period for a false imprisonment claim starts running "at the time the claimant becomes detained pursuant to legal process," *Wallace*, 549 U.S. at 397, "—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389–90 (citations omitted). Here, Plaintiff was initially arrested in September 2019 on charges related to his First Case. The latest possible time that Plaintiff became "detained pursuant to legal process" as a result of this imprisonment was at the ensuing preliminary hearing, where Plaintiff's charges were bound over to criminal court. This hearing occurred on September 26, 2019. Plaintiff did not file the Complaint in this case until December 2021. Plaintiff's false imprisonment claim is therefore untimely by more than a year.

To the extent that Plaintiff intends to assert independent false imprisonment claims related to his Second or Third Cases, he fails to state a claim. Plaintiff has been incarcerated as a result of his First Case since September 2019, so he did not experience a seizure of his person or a loss of liberty when he received a rape charge in his Second Case in February 2020, or when he received additional rape charges in his Third Cases in November 2021. Accordingly, Plaintiff fails to state a false imprisonment claim based on the charges brought against him in the Second or Third Cases. *See Smith v. Sellers*, No. 5:17-cv-00497-CAR-CHW, 2018 WL 2424141, at *3 (M.D. Ga. Mar. 14, 2018) (collecting Circuit Court cases for the proposition that defendants did not deprive a plaintiff of liberty where he "was independently incarcerated when the events underlying [the] action began and [] remain[ed] incarcerated for reasons independent of the Defendants['] actions

13

as of the date he filed [the] complaint"); *see also Poulos v. Cnty. of Warren*, No. 1:21-CV-96 (MAD/CFH), 2021 WL 4307508, at *3 (N.D.N.Y. Sept. 22, 2021) (collecting New York district court cases for the proposition that plaintiff failed to state a false imprisonment claim based on charges brought when he "was already in custody or incarcerated on other charges").

Finally, the Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Although this clause "does not apply to pretrial detainees like [Plaintiff]." *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. 2022) (citing *Graham ex rel. Est. of Graham v. County of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004)), pretrial detainees are due the same or greater protections under the "Due Process Clause of the Fourteenth Amendment." *See id.* at 605–07 (discussing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585 (6th Cir. 2021)). But the protections of the cruel and unusual punishments clause are unique to the carceral setting, and they are not related to the state criminal proceedings that form the basis of this case. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (internal citations and quotation marks omitted) (explaining that this clause prohibits "excessive physical force against prisoners," requires officials to "take reasonable measures to guarantee the safety of [] inmates," and imposes a duty to provide "humane conditions of confinement, . . . adequate food, clothing, shelter, and medical care"). Accordingly, Plaintiff fails to state a claim under the cruel and unusual punishments clause (or the analogous due process clause).

## II. CONCLUSION

For these reasons, this action is **DISMISSED** for failure to state a claim. The "Habeas Claims" and "Premature Section 1983 Claims" are **DISMISSED** without prejudice, and the Section 2000a Claim and "Remaining Section 1983 Claims" are **DISMISSED** with prejudice.

The Court **CERTIFIES** that any appeal would not be taken in good faith. Plaintiff therefore will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE